IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

HOLLY BRUMFIELD )
)
v. ) NO. 3:05-0098
) JUDGE CAMPBELL
BENJAMIN E. SHOEMAKER, M.D. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Docket No. 10). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiffs' claim for slander is DISMISSED.

FACTS

This action arises from allegations raised by Plaintiffs against Dr. Shoemaker while Plaintiff Holly Brumfield and Defendant Shoemaker were working at Centennial Medical Center[1] in Ashland City, Tennessee. Plaintiffs' Complaint alleges that, specifically from August to November of 2000, Dr. Shoemaker sexually harassed Mrs. Brumfield and slandered her. Plaintiffs' Complaint also asserts that Dr. Shoemaker breached the standard of care and assaulted and battered Mrs. Brumfield in his medical treatment of her as a patient in July of 2000.[2]

---

[1] Plaintiff refers to the hospital as "Cheatham Medical Center." There is no evidence that the identity of the hospital is at issue.

[2] Plaintiff's Complaint avers that Plaintiffs timely filed their original Complaint in state court on March 9, 2001, filed a Notice of Voluntary Dismissal without prejudice on February 3, 2004, and then filed this action pursuant to Tennessee's "Saving Statute."

Defendant contends, in his Motion for Partial Summary Judgment, that Plaintiffs cannot establish a claim for slander against him because Plaintiffs cannot affirmatively show that Dr. Shoemaker published any defamatory statements about Mrs. Brumfield.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003).  In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial.  Meyers, 341 F.3d at 466.  A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id.  The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial.  Hopson, 306 F.3d at 432.

It is well settled that only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment.  "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).

2

SLANDER

Plaintiffs claim that Defendant slandered Mrs. Brumfield by "telling other employees of the Cheatham Medical Center, including the emergency room personnel, that Ms. Brumfield had only reported him for sexual harassment because she tried to seduce him and he refused her." Complaint (Docket No. 1), ¶ 15. To establish a prima facie case of defamation (slander), Plaintiffs must show that (1) Defendant published a statement; (2) with knowledge that the statement was false and defaming to Plaintiff; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. Sullivan v. Baptist Memorial Hospital, 995 S.W.2d 569, 571 (Tenn. 1999). "Publication" is a term of art meaning the communication of defamatory matter to a third person. Id.

Plaintiffs have presented no admissible evidence from any person who actually heard the allegedly slanderous remarks. Plaintiffs cite to Mrs. Brumfield's deposition, yet in that deposition, Plaintiff admits that she herself did not hear Dr. Shoemaker make any allegedly slanderous remarks about her. Docket No. 13-2, p. 20. Plaintiff goes on to relate that another employee, Myron Knerr, told Mrs. Brumfield that she (Knerr) had heard around the hospital from the ER nurses and the clerk on the third floor that Dr. Shoemaker had made the allegedly slanderous remarks. Id. Plaintiffs have presented no admissible evidence that Dr. Shoemaker made the allegedly slanderous remarks to a third person.

As noted above, only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment. Hearsay upon hearsay, as offered by Plaintiffs, is not admissible. Further, Mrs. Brumfield is not competent to testify as to these matters from her own personal

3

knowledge. Absent admissible, competent evidence, Plaintiffs cannot sustain the slander claim. The Court need not reach the issue of whether Plaintiffs can establish actual damages.

## CONCLUSION

For these reasons, Defendant's Motion for Partial Summary Judgment (Docket No. 10) is GRANTED, and Plaintiffs' claim for slander is DISMISSED. This case is referred to the Magistrate Judge for further customized case management.

IT IS SO ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE