IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

HOLLY BRUMFIELD, et al.       )
                              )
v.                            ) NO. 3:05-0098
                              ) JUDGE CAMPBELL
BENJAMIN E. SHOEMAKER, M.D.   )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment and Motion for Rule 11 Sanctions (Docket No. 17). For the reasons stated herein, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiffs' claims are DISMISSED. Defendant's Motion for Rule 11 Sanctions is DENIED.

FACTS

On March 9, 2001, Plaintiffs Holly Brumfield and Bo Brumfield filed a Complaint against Defendant Benjamin E. Shoemaker, M.D. in the Circuit Court for Cheatham County, Tennessee. In that Complaint, Plaintiffs alleged that Defendant Shoemaker, a licensed physician:

> (1) went well beyond the consent given in checking Plaintiff Holly Brumfield, in Defendant's office, on July 19, 2000, including lifting her shirt to look at her breasts and seeing what type of underwear she was wearing;
>
> (2) cornered Mrs. Brumfield on other occasions, when she went to his office for cold medicine, and improperly touched parts of her body without consent;
>
> (3) generally failed to provide the reasonable and necessary medical care to Mrs. Brumfield, including (a) exceeding the informed consent given, (b) exceeding the bounds of reasonableness and decency through sexual statements and improper viewing and touching without medical necessity, (c) failing to have a female nurse present when examining Mrs. Brumfield, and (d) negligently failing to provide reasonable and adequate medical care to her throughout his care and treatment;
>
> (4) breached the prevailing standard of care, resulting in injury to Mrs. Brumfield;
>
> (5) committed acts which constituted an assault and battery;

(6) committed numerous acts of sexual harassment and hostility toward Mrs. Brumfield, who was employed by the same facility where Dr. Shoemaker practiced medicine; and

(7) published slanderous statements about Mrs. Brumfield.

Docket No. 17, Ex. C.

On October 1, 2002, the Circuit Court of Cheatham County, Tennessee granted partial summary judgment to Defendant Shoemaker on "any and all medical malpractice claims contained in the Complaint, including that of assault and battery as it arises within the scope of the medical treatment of July 19, 2000" and "any and all claims of sexual harassment." Docket No. 17, Ex. D. Plaintiffs thereafter filed in the state court action, on February 3, 2004, a Notice of Voluntary Dismissal without prejudice of any remaining claims. Docket No. 1, ¶ 3. Plaintiffs contend that they filed this federal action pursuant to Tennessee's "Saving Statute," Tenn. Code Ann. § 28-1-105. Id.

Plaintiffs' Complaint against Defendant Shoemaker in this action, filed on February 3, 2005, alleges that Defendant Shoemaker:

(1) went well beyond the consent given in checking Plaintiff Holly Brumfield, in Defendant's office, on July 19, 2000, including lifting her shirt to look at her breasts and seeing what type of underwear she was wearing;

(2) cornered Mrs. Brumfield on other occasions, when she went to his office for cold medicine, and improperly touched parts of her body without consent;

(3) generally failed to provide the reasonable and necessary medical care to Mrs. Brumfield, including (a) exceeding the informed consent given, (b) exceeding the bounds of reasonableness and decency through sexual statements and improper viewing and touching without medical necessity, (c) failing to have a female nurse present when examining Mrs. Brumfield, and (d) negligently failing to provide reasonable and adequate medical care to her throughout his care and treatment;

(4) breached the prevailing standard of care, resulting in injury to Mrs. Brumfield;

2

(5) committed acts which constituted an assault and battery;

(6) committed numerous acts of sexual harassment and hostility toward Mrs. Brumfield, who was employed by the same facility where Dr. Shoemaker practiced medicine; and

(7) published slanderous statements about Mrs. Brumfield.

Docket No. 1. Plaintiffs' slander claim was previously dismissed by this Court. Docket No. 15.

Defendant Shoemaker has moved for summary judgment on Plaintiffs' claims, arguing that all Plaintiffs' claims were previously decided in the state court action and are barred from being presented herein by *res judicata*. Docket No. 17. Plaintiffs contend that the issues of the state court lawsuit are not identical to the issues in this case. Docket No. 21.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

3

## RES JUDICATA

Under Tennessee law,[1] the doctrine of *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Richardson v. Tennessee Bd. of Dentistry, 913 S.W. 2d 446, 459 (Tenn. 1995).[2] It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action and were there admitted or judicially determined and conclusively settled by a judgment rendered therein, become *res judicata* and may not be again litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves a different form of proceeding, or whether the second action is upon the same or different cause of action, subject matter, claim or demand as the earlier action. Smith v. Metropolitan Development Housing Agency, 857 F.Supp. 597, 600 (M.D. Tenn. 1994).

One defending on the basis of res judicata must demonstrate that the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted and both cases involved the same parties, the same cause of action, or identical issues. Richardson, 913

---

[1] A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 104 S.Ct. 892, 896 (1984); Smith v. Metropolitan Development Housing Agency, 857 F.Supp. 597, 600 (M.D. Tenn. 1994).

[2] The purpose of *res judicata* is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981).

4

S.W.2d at 459. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Rivet v. Regents Bank of La., 118 S.Ct. 921, 925 (1998).

As evidenced by the facts above, the Complaint filed in this Court alleges exactly the same facts and causes of action as the Complaint filed in State court.[3] Plaintiffs contend, however, that the instant case is "neither more nor less than a suit for common-law battery having nothing whatsoever to do with a doctor-patient relationship." Docket No. 21, p. 3. Initially, the Court notes that Plaintiffs' statement above concedes that their sexual harassment claim should be dismissed. In any event, the state court judgment clearly found that Dr. Shoemaker was entitled to judgment on Plaintiffs' sexual harassment claim (Docket No. 17, Ex. D).Plaintiffs' sexual harassment claim herein is barred by *res judicata* and therefore DISMISSED.

Secondly, the Court finds that Plaintiffs' above-quoted statement is incorrect. Every allegation of Plaintiffs' Complaint in this action, other than the slander and sexual harassment claims which have been dismissed, arose in the context of a doctor-patient relationship.[4] Plaintiffs have not alleged that Dr. Shoemaker battered Mrs. Brumfield outside his medical practice. All Plaintiffs' allegations of battery arose in Defendant's medical office, from the doctor-patient relationship.

---

[3] The only differences in the federal court Complaint are (1) the residence of the Plaintiffs has changed, (2) this Complaint sets forth the procedural history of the prior action and the basis for jurisdiction in this Court, and (3) the request for a jury adds a specific request for a jury of six. Docket No. 1, ¶¶ 1, 3, 4 and prayer for relief ¶ 3. Compare Docket No. 17, Ex. C.

[4] Plaintiffs cite the words "on other occasions" in paragraph 7 of the Complaint, but those "other occasions" arose when Mrs. Brumfield sought medical treatment from Defendant, from the doctor-patient relationship.

5

The Court finds that Plaintiffs' battery claims are barred by *res judicata*, specifically the state court judgment in <u>Brumfield v. Shoemaker</u>, Circuit Court for Cheatham County, Tennessee, Case No. 5271. Docket No. 17, Ex. D herein. Defendant has shown that the judgment in the prior case was final and concluded the rights of the Plaintiffs on the issues of medical negligence, including battery, and sexual harassment, and both cases involved the same parties, the same causes of action, and identical issues.

For all these reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiffs' claims herein are DISMISSED.

## RULE 11 SANCTIONS

The Federal Rules of Civil Procedure provide that an attorney or unrepresented party, by presenting to the Court a pleading, written motion, or other paper, is certifying, among other things, to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the claims, defenses and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law. Fed. R. Civ. P. 11(b). Rule 11 also provides that sanctions may be imposed upon attorneys, law firms or parties who violate subsection (b). Fed. R. Civ. P. 11(c). Defendant asks the Court to impose Rule 11 sanctions against Plaintiff Holly Brumfield for her allegedly unreasonable conduct in re-alleging her claims against Dr. Shoemaker. Docket No. 17.

6

Case 3:05-cv-00098   Document 23   Filed 01/06/06   Page 6 of 7 PageID #: 250

Defendant's Motion for Rule 11 Sanctions is DENIED.

IT IS SO ORDERED.

                                              */s/ Todd Campbell*
                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE